2002 OK JUD ETH 5

**JUDICIAL ETHICS OPINION 2002–5.**

**No. 2002–5.**

Oklahoma Judicial Ethics Advisory Panel.

April 5, 2002.

QUESTIONS: Can a full-time Administrative Law Judge who is also a novelist and enters short story contests and submits novels for publication:

1. Publish under the judge's real name, without the title of judge?

2. Indicate in a biography that he/she is a judge?

3. Authorize the use of a photograph of the author on the book's jacket?

WE ANSWER: 1. YES

2. YES

3. YES, with restrictions.

DISCUSSION:

Canon 2: **"A Judge Should Avoid Impropriety and the Appearance of Impropriety in all of the Judges Activities**

B. ... A judge should not lend the prestige of judicial office to advance the

private interests of the judge or others . . ."

**Canon 4: "A Judge Should So Conduct the Judge's Extra Judicial Activities as to Minimize the Risk of Conflict With Judicial Obligations . . .**

**D.  Financial Activities**

(1) A judge should not engage in financial and business dealings that:

(a) may reasonably be perceived to exploit the judge's judicial position, or . . ."

We find nothing in the Canons that prevent a judge from engaging in the activity described so long as it is pursued on the judge's own time; and nothing that would preclude the use of the judge's real name as an author so long as the title of judge is not used.  We further do not believe that a biographical sketch of the author's life indicating that he or she is a judge along with other activities and background would violate Canon 2(B). We would caution that it might be inappropriate to emphasis the judge's vocation in such biographical sketch.  We further do not find the use of a personal photograph on a book jacket or cover not identifying the party by title would violate either Canon 2(B) or Canon 4(D).

We find the circumstances surrounding these questions as distinguishable from the question we answered in Opinion 98–4 in which we stated that it would be improper for a judge to use his name as an owner of a non-legal related business in newspaper and telephone advertisements of such business, as being in violation of Canon 4(D).

The questions we answer today relate to trade practices and are not per se, advertising activities directed to the public for solicitation of business.  Furthermore, the activity we address in this opinion is not that of a judge being involved in the operation of a business in a locale in which the individual is known as a judge by the general public.

/s/ Robert L. Bailey, Chairman

/s/ Robert D. Simms, Vice Chairman

/s/ Milton C. Craig, Secretary